UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AMERICAN CONTRACTORS | ) | |
|---|---|---|
| INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV02126 AGF |
| | ) | |
| LEADCO, LLC, GELHAAR LEE, | ) | |
| and PATTY LEE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case claiming breach of an indemnity agreement is before the Court on a motion for default judgment filed by Plaintiff American Contractors Indemnity Company ("ACIC") against Defendant Leadco, LLC ("Leadco"), and on cross motions for summary judgment filed by ACIC and Defendant Patty Lee.  For the reasons set forth below, this Court shall grant the motion for default judgment and ACIC's motion for summary judgment, and deny Patty Lee's motion for summary judgment.

## BACKGROUND

ACIC filed suit on December 8, 2011, against the three Defendants claiming breach of an indemnity agreement arising from a performance bond and a labor and material payment bond issued by ACIC, as surety, for Leadco, as principal, with respect to a construction contract Leadco had with the City of St. Louis in the amount of $447,485.00.  Gelhaar Lee (one of the two owners of Leadco), Patty Lee, who was married to Gelhaar Lee at the time when the agreement was executed, and the other

owner of Leadco all signed the indemnity agreement on behalf of Leadco, and on their own behalves, agreeing to be jointly and severally responsible under the terms of the agreement.

On December 29, 2011, a suggestion of bankruptcy as to Defendant Gelhaar Lee was filed. On January 23, 2012, the Clerk's Office entered default against Leadco due to Leadco's failure to respond to the complaint. On March 27, 2012, Gelhaar Lee was discharged from bankruptcy, discharging any debt he had to ACIC.

On March 27, 2014, the Honorable Charles A. Shaw, to whom the case was assigned, denied Patty Lee's motion for summary judgment because she failed to meet her burden of proof to establish that there was insufficient consideration supporting the indemnity agreement, that her divorce from Gelhaar Lee subsequent to entering the indemnity agreement terminated her obligations under the agreement, or that the indemnity agreement was procedurally and substantively unconscionable. Judge Shaw granted ACIC's cross motion for summary judgment against Patty Lee in the amount of $243,361.00, the undisputed amount still owed to ACIC under the indemnity agreement. He agreed with ACIC that the undisputed facts established as a matter of law that the indemnity agreement was an enforceable contract formed with sufficient consideration, that ACIC performed under said agreement, and that Patty Lee breached her duty under the agreement. Lastly, Judge Shaw ordered ACIC to file a motion for default judgment against Leadco pursuant to Federal Rule of Civil Procedure 55(b). (Doc. No. 59.) On April 8, 2014, ACIC filed a motion for default judgment against Leadco in the amount of $243,361.00, plus interest, attorney's fees, and costs. The motion was unopposed.

On May 12, 2014, Judge Shaw recused himself from the case and the case was reassigned to the undersigned who, to avoid the appearance of impropriety, vacated Judge Shaw's prior dispositive rulings, and granted ACIC and Patty Lee an opportunity to file briefs in support of their cross motions for summary judgment and otherwise respond to Gelhaar Lee's notice of bankruptcy.

On May 23, 2014, Patty Lee submitted a supplemental memorandum in support of her motion for summary judgment. She reasserts her arguments presented to Judge Shaw and further asserts that her motion for summary judgment should be granted due to "a partial failure of consideration" that occurred following her divorce from Gelhaar Lee, and because the indemnity agreement was unconscionable, in that ACIC never provided her with a copy of the agreement, therefore making it impossible for her to follow its express terms.

Based upon this Court's independent review of the record, this Court agrees with Judge Shaw's thorough and well-reasoned Memorandum and Order denying Patty Lee's cross motion for summary judgment. This Court finds Patty Lee's supplemental arguments to be unpersuasive. The Court also agrees with Judge Shaw's granting ACIC's motion for summary judgment against Patty Lee in the amount of $243,361.00. Therefore, this Court adopts and incorporates Judge Shaw's March 27, 2014, Memorandum and Order in all respects.

Lastly, this Court determines that ACIC is entitled to the entry of default judgment against Leadco in the amount of $243,361.00 for breach of the indemnity

agreement. Therefore, ACIC's motion for default judgment against Leadco shall be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Patty Lee's motion for summary judgment is **DENIED**.  (Doc. No. 46.)

**IT IS FURTHER ORDERED** that Plaintiff American Contractors Indemnity Company's motion for summary judgment against Patty Lee in the amount of $243,361.00 is **GRANTED**.  (Doc. No. 49.)

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** as to Defendant Gelhaar Lee based on his discharge from bankruptcy.  (Doc. No. 59.)

**IT IS FURTHER ORDERED** that Plaintiff American Contractors Indemnity Company's motion for default judgment against Leadco, LLC is **GRANTED** in the amount of $243,361.00.  (Doc. No. 60.)

**IT IS FURTHER ORDERED** that Plaintiff American Contractors Indemnity Company is awarded damages in the amount of $243,361.00 against Defendant Leadco, LLC.

All claims against all parties having been resolved, a separate Judgment shall accompany this Memorandum and Order.

                                              _____
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2014.